**In re SPONABLE.**

**Patent Appeal No. 3241.**

Court of Customs and Patent Appeals.
March 19, 1934.

Denison & Thompson, of Syracuse, N. Y. (E. A. Thompson, of Syracuse, N. Y., T. K. Bryant, of Washington, D. C., and George F. Scull, of New York City, of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

Appellant here seeks review of a decision of the Board of Appeals of the United States Patent Office, affirming a decision of the Ex-aminer, rejecting claims 7, 8, 10, and 11 of appellant's application for want of invention in view of the prior art. No claims were allowed.

Claim 11 is illustrative of the claims in issue and reads as follows: "11. An apparatus for reproducing combined moving and sound pictures comprising a screen consisting of a single thickness of woven textile fabric having openings extending from front to rear of the screen sufficient in number and size to allow sound waves to pass through substantially unimpeded and undistorted but substantially impervious to light rays and retaining the light reflecting properties sufficiently to constitute an efficient screen, a projecting apparatus for projecting light rays constituting the moving picture upon the front reflecting surface of said screen, a translating device disposed upon the side of the screen opposite the projecting apparatus, and means for energizing the translating apparatus to produce sound waves which are projected through said screen and through the reflected image projected thereon."

The references relied upon are: Featherstone, 1,123,185, December 29, 1914; Rutzen, 1,275,189, August 6, 1918; Amet, 1,308,468, July 1, 1919; De Forest, 1,710,922, April 30, 1929.

The application relates to an apparatus for projecting pictures upon a screen and reproducing sound by loud speakers positioned behind the screen. A special kind of screen is employed which is made from woven textile fabric, stated to be substantially impervious to light rays, but having openings through it sufficient in number and size to allow sound waves to pass through substantially unimpeded and undistorted.

The Amet reference discloses a moving picture curtain with loud speakers located behind the curtain. Said curtain is constructed of woven wire fly screen which is given several coats of pure white paint, such as oxid of zinc, thereby producing, as recited in the specification, "a reticulated reflecting surface characterized by a multiplicity of tiny uniform cup-shaped reflectors with holes in their bottoms, there being by this process one such reflector formed in each mesh of the screen." Behind the loud speakers is placed another net or surface of light-absorbing character. The patent recites that to get the most desirable results there should be from 35 to 40 per cent. open space in the said curtain. The patent is silent with respect to sound passing

through said curtain, and the Board of Appeals in its decision remarked as follows: "The patent appears to be concerned more with reflecting the picture than in transmitting the sound through the screen as no mention is made of the latter feature. Still the screen would apparently serve to readily transmit the sound because of the holes formed in the coating at each mesh of the screen."

The patent to Rutzen discloses the use of a screen in connection with a reproducing mechanism in which the picture is projected on the back of the screen. Several forms of screens are disclosed, one being of glass. The patentee states that, if glass is used, the screen should be mounted apart from the walls or box, "so that the sound may escape through the border space in full volume and measure." He states that fabric may be used for the screen, reciting that "if the screen is of a suitable woven fabric it may be provided with suitable openings for the sound to pass therethrough." The patent further states: " * * * In Fig. 6 I show a pair of screens (22 and 23) which are made of suitable paper or woven fabric and adapted to be wound on rollers (24) in the same manner as a window shade or curtain, and either one of the two screens may be used depending upon whether a small or large picture is to be shown. The screen (22) is supported by brackets or arms (25) which project forward from the front wall (20) of the apparatus and an open space is thereby provided between said screen and said wall for a free discharge of sound. * * * "

These are the only references discussed by the Board. In its decision the Board states: "It is our view that none of the claims are patentable over the above references. Both patents show the use of a screen with openings therethrough the latter one specifying that the openings are provided for passing sound through the screen. The Amet patent evidently employs his screen in the same way as applicant, as the picture is projected on it from the front and the loud speakers are located at the back. The openings in the screen would permit the sound to pass through although it is not stated that such sound would be unimpeded and undistorted. Whether such a screen is possible may be questionable because the sound waves would necessarily be impeded and distorted to some extent. At any rate this appears to be merely a question of the number or size of the openings in the screen. We are unable to find that there is any patentable distinction defined by the claims over what Amet discloses. Evidently a woven fabric with suitable holes in it can be substituted therein without involving invention."

It is our view that neither the Amet nor the Rutzen patent, singly or combined, teaches or suggests appellant's combination. Neither shows a screen that, while impervious to light, will permit sound waves to pass therethrough, which is the essence of appellant's invention.

In the Rutzen patent the picture is projected on the back of the screen and the sound also comes from the back of the screen. Obviously such a screen could not be impervious to light rays, and the patentee clearly intended that it should be translucent.

In the Amet patent it is expressly recited that: "The results obtained indicate that there is a degree of reflection from the so called dark room which is provided with the light absorbing back or rear screen 3, and this reflection passes from the air space through the interstices of the net. The absorption or non-reflection of the surplus rays which by reason of the dark room are allowed to discharge through the net relieves the picture of a glare."

In other words, the invention involved in this patent is, as stated in its claims, the formation of tiny cup-shaped reflectors formed in the meshes of the wire screen, each reflector having a hole in its bottom "for the purpose of discharging rearwardly of the screen a percentage of the light projected upon the front side of the screen."

In neither of the aforesaid patents is there any suggestion of a screen that, while impervious to light rays, allows sound waves to pass therethrough unimpeded.

The Board of Appeals, however, affirmed the decision of the Examiner, and, under our decision in the case of In re Wagenhorst, 64 F.(2d) 780, 782, 20 C. C. P. A. 991, this is held "to have the legal effect of a rejection upon the grounds and references cited by the Examiner, and not expressly reversed by the Board." Therefore, if any of the grounds relied upon by the Examiner for rejection of the claims are well founded, the decision of the Board of Appeals must be affirmed, except upon such points as to which the Board expressly reversed the Examiner.

The Examiner, as one of the grounds of rejection, held that the claims cover an old

combination, and that the novelty, if any, resides in the screen alone. The Board expressly held that this ground of objection was not well taken by the Examiner, and therefore it need not be considered by us.

The Examiner, however, also relied upon the patents to Featherstone and De Forest for rejection of the claims.

With respect to the Featherstone patent, it is sufficient to say that it merely shows an acoustic apparatus in which a screen receives pictures projected by a motion picture machine, and behind the screen are loud speaking telephone receivers with horns attached to produce sounds appropriate to such pictures. There is no reference in this patent to the kind of screen employed. We therefore find nothing in this patent bearing upon the essence of appellant's claims, viz., in combination, a screen impervious to light rays, but permitting sound waves to pass therethrough.

The other reference relied upon by the Examiner is the patent to De Forest. This patent, except as to figure 9, shows a series of spaced horizontal or vertical bars, and behind these bars are other spaced horizontal or vertical bars registering with the spaces between the first-named bars, this arrangement being for the purpose of permitting the sound coming from the rear to move around through the various staggered passageways thus provided, and to escape to the area in front of the screen.

In a modified form of the invention the patentee states: "The arrangement disclosed in Figs. 7 and 8 comprises a screen made up of two independent surfaces of wire netting 20 and 21 of very fine mesh disposed parallel to each other as shown in Fig. 8 and vertically and horizontally displaced with respect to each other so that the wires of the rear screen will appear to lie between the wires of the front screen. When screens of sufficiently fine mesh are so arranged it will be apparent that they will provide a substantially continuous light reflecting surface which is readily adapted for the passage of sound waves therethrough. As before, a loud speaking device or devices may be mounted in back of the screen as shown in Fig. 8. The two wire screens may be painted white if this is found desirable. By this staggered arrangement of one screen with respect to the other, it will be apparent that the wires of the rear screen 21 may be seen through interstices in the netting of the front screen. * * *"

There is nothing in this patent, with the exception of figure 9 above referred to, that suggests a single screen impervious to light rays but permitting sound waves to pass therethrough. Said figure 9 relates to a loud speaker having an enlarged bell end, over which is placed a thin, tightly stretched, opaque material, the specification stating that it preferably be made of aluminum foil of about .0003 inch in thickness. This material is said to be opaque to light, but to offer very little obstruction to the passage of sound waves. We do not believe that this in any way suggests the use of a woven fabric having openings therein; it rather tends to steer one away from such a fabric, and seems to rely on the mere thinness of the material for the passage of sound. We would further observe that the Examiner in his statement made no reference to said figure 9 of the De Forest patent, and apparently considered only figures 3, 7, and 8 as relevant, all of which relate to a plurality of screens.

The patent to Amet was issued in 1919, and the patent to Rutzen in 1918. De Forest's application was filed in 1926, and it is clear from his complicated arrangement that it never occurred to him that a single screen could be employed that was impervious to light rays but which would permit sound waves to pass therethrough.

It is our conclusion that the references cited do not anticipate or suggest the claimed combination with a screen impervious to light rays but allowing sound waves to pass therethrough unimpeded.

While we share the views of the Board that it may be questionable whether, as a matter of physics, it is possible to have a screen that is impervious to light rays, but which will permit sound waves to pass therethrough unimpeded, this is not a matter for consideration here, for this was not a ground for rejection by either the Examiner or the Board. We note in this connection that claim 11 is broader in its terms than the other claims, through the use of the limitations "*substantially* impervious to light rays" and "to allow sound waves to pass through *substantially* unimpeded." (Italics ours.)

For the reasons stated herein, the decision of the Board of Appeals is reversed.

Reversed.

GRAHAM, Presiding Judge, and BLAND, Associate Judge, dissent, being of

opinion that there is no invention disclosed, in view of the references and the state of the prior art.