### In re TWISS.

### Patent Appeal No. 3350.

Court of Customs and Patent Appeals. Dec. 24, 1934.

Eakin & Avery, of Akron, Ohio (Willard D. Eakin and Harold S. Meyer, both of Akron, Ohio, of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming a decision of the examiner rejecting, for want of patentability over the prior art, claims 1 to 10, inclusive, 12 to 19, inclusive, and 33 and 37 of appellant's application. Certain claims were allowed. Appellant has moved to dismiss the appeal as to all of said claims except claims 3, 6, 13, 14, 15, 17, and 37, and it will be so ordered.

Claims 3 and 37 are illustrative of the claims before us and read as follows:

"3. The method of manufacturing shaped articles from an aqueous dispersion of an organic substance which comprises applying to the surface of an impervious form a thin layer of a coagulant for the dispersion, and associating the coated form with the dispersion until the coagulum has attained the desired thickness."

"37. A form for depositing dispersed materials from a rubber dispersion, which comprises an impervious base and a film containing a coagulant salt thereon."

The references cited are:

Teague, 1,719,633, July 2, 1929.

Klein et al., 1,825,736, October 6, 1931.

The claims in issue relate to a method of manufacturing shaped articles directly from latex or other dispersion rubber or other organic substance, and to a form or mold upon which the dispersion material is deposited or coagulated. Appellant's alleged invention consists in depositing upon an impervious surface some material which will coagulate the dispersion. When such impervious form is immersed in the latex or other dispersion, the coagulant causes the dispersion adjacent to the surface of the form to coagulate and precipitate or accumulate thereon into a coherent layer which may be removed as an integral, self-sustaining article. Each claim is limited to an impervious form of a nonporous surface upon which there is applied a coagulant material.

The patent to Klein et al. discloses a method of producing rubber goods directly from latex, in which a hollow form of unglazed, burnt earthenware is filled with a coagulant liquid which is capable of permeating outwardly to the surface thereof through the porous walls. When such form is immersed in rubber latex, the latex adjacent to the said surface of the form coagulates and the rubber is agglomerated into a layer upon the surface, which layer, after the removal from bath of latex, may be removed from the form as a self-sustaining rubber article having the shape of the form selected. The patent states:

"The present invention provides a method which enables a rubber layer of considerable thickness to be deposited on dipping moulds consisting of porous or semi-permeable substances, without it being necessary to add to the latex substances increasing the agglomeration thereof.

"The method of the present invention is based on the experience that the rubber layer agglomerating on the surface of the depositing mould is permeable as long as it is not dried. According to the invention, the agents serving to increase the agglomeration are therefore not added directly to the latex, but are applied on that side of the semi-permeable mould which is opposite to the side in contact with the latex, so that these agents are able to act upon the rubber latex or upon the rubber deposited therefrom only through the substance of the semi-permeable depositing mould.

"The term 'semi-permeability' of the substance of the mould is intended to denote that the substance should allow the passage of water and the substances dissolved therein, but should intercept the passage of the dispersed rubber particles."

The patent to Teague discloses a process for manufacturing rubber articles which consists in dipping a form, either pervious or impervious, into a rubber dispersion, and then into a bath of coagulant. As stated by the Board of Appeals, Teague shows the reverse of appellant's order of steps. It is clear that the order of steps recited by appellant is essential to his alleged invention.

The examiner rejected all of the claims before us upon Klein et al. and also upon Teague.

The Board of Appeals disagreed with the examiner as to the applicability of the reference Teague, and held that the claims were allowable over that reference, but held with the examiner that the claims lacked invention over the reference Klein et al. We therefore have to consider only the reference Klein et al., the board having expressly reversed the examiner with respect to the reference Teague. In re Wagenhorst, 64 F.(2d) 780, 20 C. C. P. A. (Patents) 991.

The brief of the Solicitor for the Patent Office contains the following:

"The real issue is correctly stated at p. 3 of appellant's brief in the words:

"The issue, baldly stated, is whether invention is involved in applying the coagulant to the surface of an impervious form instead of to the inside of the porous forms of the Klein & Szegvari patent."

We agree that the only question before us is that stated in the above quotation.

The Board of Appeals in its decision stated: "Within the scope of the appealed claims no distinction is made such as to limit the coagulant to exclude solutions of salts and acids which are true solutions and therefore capable of readily passing through the pervious form of Klein et al. The Exam-

iner has allowed claim limited to the use in this relation of coagulant compositions of a gelatinous nature which would not be suitable in the porous mold of Klein et al. but would be particularly applicable if not even necessary in connection with applicant's impervious form where a sufficient quantity of evenly distributed coagulant must be carried entirely on the surface. Within the scope of the claims therefore we find no patentable novelty in broadly utilizing coagulant which may be of this permeating type upon the surface of an impervious core rather than allowing it to permeate through porous walls thereof. We believe the appealed claims fail to develop invention over Klein et al. in view of this scope."

We cannot concur with this conclusion of the board. Klein et al. clearly teach that a permeable or semipermeable mold must be used, and they teach just as clearly that the coagulating material must be applied to the side of the mold opposite from the surface to which the latex is to be applied, and that the coagulating material is to permeate through the mold.

Appellant applies the coagulating material directly to the surface of an impervious mold or form, and then associates the form or mold, so coated, with latex or an aqueous rubber dispersion until the coagulation has attained the desired thickness.

Appellant's process now seems simple, and it may seem strange that it was not discovered long before appellant hit upon it, but we think the language of the Supreme Court of the United States in the case of Diamond Rubber Company of New York v. Consolidated Rubber Tire Company, 220 U. S. 428, 434, 31 S. Ct. 444, 447, 55 L. Ed. 527, is especially applicable to the case before us. The court there said: " * * * Many things, and the patent law abounds in illustrations, seem obvious after they have been done, and, 'in the light of the accomplished result,' it is often a matter of wonder how they so long 'eluded the search of the discoverer and set at defiance the speculations of inventive genius.' Pearl v. Ocean Mills, Fed. Cas. No. 10,876, 2 Ban. & A. 469, 11 Off. Gaz. 2. Knowledge after the event is always easy, and problems once solved present no difficulties, indeed, may be represented as never having had any, and expert witnesses may be brought forward to show that the new thing which seemed to have eluded the search of the world was always ready at hand and easy to be seen by a merely skilful attention. But the law has other tests of the invention than subtle conjectures of what might have been seen and yet was not. It regards a change as evidence of novelty, the acceptance and utility of change as a further evidence, even as demonstration. * * *"

While the Board of Appeals was of the opinion that appellant's process would be obvious from the disclosure of Klein et al., it is significant that nowhere in their specification is there the slightest hint of appellant's process; but, on the contrary, the teachings of that patent would indicate that appellant's process could not be successfully applied. The patentees declared positively that pervious or semipervious forms must be used, and that the coagulating material must be applied from the inside of the forms and be permitted to permeate through the same to the surface to which the latex was to be applied.

It may be that, as stated by appellant's counsel, Klein et al. and others skilled in the art, prior to appellant's alleged invention, were of the opinion that coagulant material would not adhere sufficiently to a smooth impervious surface, or that, if it did adhere, it would be washed off when immersed in the liquid latex. However this may be, appellant apparently was the first to disclose that rubber articles could be produced through the simple process claimed by him, and we do not think that it should be held, upon the record before us, that his process was anticipated by Klein et al., or that his process would be obvious to one skilled in the art, in view of the Klein et al. disclosure.

We are therefore of the opinion that all of the process claims before us should be allowed.

Claim 37 covers, as a product, a form for depositing dispersed materials from a rubber dispersion, which comprises an impervious base and a film containing a coagulant salt therein. The Board of Appeals held that this claim is readable upon Klein et al. Inasmuch as it is clear that Klein et al. do not disclose a form comprising an impervious base, we conclude that this claim is not anticipated by said patent. Upon the question of patentability of claim 37, we should have more difficulty, considering its breadth, if we were at liberty to consider the Teague patent as a reference. This, however, we are not at liberty to do, in view of the fact that the board held that all of the claims here involved were allowable over the Teague patent.

For the reasons stated hereinbefore, the appeal is dismissed as to all claims except claims 3, 6, 13, 14, 15, 17, and 37, and as to said last-mentioned claims the decision of the Board of Appeals is reversed.