23 C.C.P.A.(Patents)

## In re BALL.

### Patent Appeal No. 3522.

Court of Customs and Patent Appeals.
Jan. 27, 1936.

J. Bernhard Thiess and A. Arnold Brand, both of Chicago, Ill., for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This appeal brings before us for review a decision of the Board of Appeals of the United States Patent Office, affirming a decision of the Examiner rejecting claims 29, 30, 32, 35, 36, 37, and 38 of appellant's application. Certain claims were allowed by the Examiner, and certain other claims were also rejected by the Examiner, which rejection was affirmed by the Board of Appeals, but which claims are not included in the appeal before us.

The claims involved in this appeal were copied by appellant from a patent to Wilms et al., No. 1,804,729, issued May 12, 1931, and the grounds of rejection of the claims were that they are unwarranted by appellant's disclosure.

Claims 29 and 30 are illustrative of the claims in issue, and read as follows:

"29. A device for limiting destructive arcing between the contacts of an electric switch, comprising a hood formed of insulating material closed on all sides except its bottom to form a confining chamber substantially encasing the contracts, and means readily removably mounting the hood.

"30. The combination with an electric switch having a stationary contact, a movable contact and means mounting the stationary contact, of an arc suppressing hood closed on all sides except its bottom to form a confining chamber encasing the contacts and cooperating means carried by the hood and the stationary contact mounting means for readily detachably mounting the hood, said cooperating means having a free sliding engagement and enabling the hood to be lifted to expose the contacts."

The nature of the involved invention is sufficiently set forth in the above-quoted claims.

The Examiner assigned seven different grounds of rejection, each based upon lack of disclosure in appellant's application, some of which applied to all of the involved claims, and other grounds to only a specified number of them.

One of said seven grounds of rejection applicable to all of the claims was that appellant's application does not disclose that the hood therein described is closed on all sides except its bottom to form a confining chamber encasing the contacts.

Another ground of rejection by the Examiner was that the hood shown in appellant's application does not limit destructive arcing.

The Board of Appeals in its decision set out the different grounds of rejection of the involved claims by the Examiner, and stated:

"* * * The disclosure in the application refers to the hood device thereof as a protective device which may be positioned over the stationary contacts in a switch and that these stationary contacts remain substantially protected since the apertures therethrough are so small that it is impossible for ordinary workmen to come into contact with the live portions of the stationary switch contacts. It is further stated in the specification that the applicant found that such protective covers add greatly to the safety of switches and at the same time do not interfere with the normal operation of them. There is nothing in the original disclosure to indicate that these protective covers or caps were provided with a space or openings so limited as to have the effect of preventing arcing as called for in many of these claims copied from the Wilms-Loock patent. Nowhere in the disclosure is there any expressed intention that applicant's device shall perform the function of suppressing an arc. Whatever the devices may be which have been constructed and tested or observed by experts in this art, it seems apparent that these covers may be of sufficient size and space to be ineffective as arc suppressors and at the same time to act as protection for workmen to prevent them from coming into conjunction with live contacts. * * *

"Claims 29, 30, 32, 35, 36, 37 and 38 of the copied claims are in some manner or another limited to the matter of means for limiting destructive arcing and since we have determined that applicant's disclosure was not limited to any such means or to a structure which necessarily produced such function, we are in agreement with

the position of the examiner to the effect that these claims are unwarranted by applicant's disclosure."

The decision of the Board of Appeals, affirming the decision of the Examiner with respect to the involved claims, reads as follows: "For the reasons indicated herein the rejection of the examiner is affirmed."

Appellant filed but one reason of appeal, which reads as follows: "The Board of Appeals erred in finding that applicant's disclosure was not limited to means for exerting, or a structure which produced, limitations of destructive arcing, and on this basis alone holding that claims 29, 30, 32, 35, *37*, 37, and 38—because of being in some manner limited to the matter of such means—are unwarranted in by applicant's disclosure."

It will be noted that in this reason of appeal appellant has referred to two claims as 37, and claim 36 is not listed at all; this is manifestly a clerical error, and it is obvious that the first claim 37 set out in said reason of appeal, and italicized by us, should have been 36, and we will so regard it.

The solicitor for the Patent Office contends that, there having been a general affirmance of the decision of the Examiner by the Board of Appeals, and the reasons of appeal not assigning error on the part of the board in affirming the decision of the Examiner upon six of his grounds of rejection, under the well-established rule the decision of the Board of Appeals must be affirmed by us irrespective of the question of whether or not the device shown in appellant's application does *suppress destructive arcing.*

In appellant's brief, we find the following statement: "It is settled practice that, where the Board · of Appeals rests its decision upon one sharply defined rejection in affirming the Primary Examiner—and thereafter appeal is taken to this Court because of such rejection—the Court will consider only that particular rejection upon which the Board based its decision, even though there may have been other rejections assigned by the Primary Examiner when he finally refused the claims." In re Twiss (Cust. & Pat.App.) 74 F.(2d) 124:

The foregoing statement is not in accord with the established rule and is not supported by the cited case, In re Twiss, 74 F.(2d) 124, 125, 22 C.C.P.A.(Patents) 825.

In that case the Examiner rejected the claims upon two references. The Board of Appeals expressly reversed the rejection by the Examiner on one reference, but affirmed him upon the other. In our decision, we said: "We therefore have to consider only the reference Klein et al., the board having expressly reversed the examiner with respect to the reference Teague."

The well-established rule is that where the Board of Appeals has affirmed a decision of the Examiner, which decision rejected the claims of an applicant on certain grounds and upon certain named references, which grounds and references are also cited by the board in its decision, the affirmance should be held to have the legal effect of a rejection upon all of the grounds and references cited by the Examiner except those expressly reversed by the board. In re Wagenhorst, 64 F.(2d) 780, 20 C.C.P.A.(Patents) 991; In re Emanueli, 67 F.(2d) 445, 21 C.C.P.A.(Patents) 701; In re Lilienfeld, 67 F.(2d) 920, 21 C.C.P.A.(Patents) 792; In re Sponable, 69 F.(2d) 544, 21 C.C.P.A.(Patents) 958.

It follows from the foregoing that, inasmuch as the reasons of appeal do not include all of the grounds of rejection of the involved claims by the Examiner, but only one of them, and as the board did not expressly reverse the decision of the Examiner upon such other grounds of rejection by him, the decision of the Board of Appeals must be affirmed.

However, while not necessary to our decision herein, we would observe that we are in agreement with the Board of Appeals and the Examiner with respect to the specific ground of rejection complained of by appellant.

While appellant's counsel concedes that appellant's specification does not mention the function of arc suppression in the device disclosed by him, he contends that such function is inherent in the device, and he introduced into the record several affidavits stating that devices constructed in accordance with his disclosure do in fact have the function of arc suppression. Upon this point we agree with the board that while such structures may suppress arcing, structures may be produced strictly in accordance with appellant's disclosure which would not possess such function, inasmuch as no dimensions of the openings in the hood are disclosed, and it is clear to us

that they may be of sufficient size as to be ineffective to suppress arcing. It therefore cannot be said that the function of suppression of destructive arcing is inherent in the device disclosed by appellant.

For the reasons stated herein, the decision of the Board of Appeals is affirmed.

Affirmed.