NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**IN RE: CALEB SURESH MOTUPALLI,**
*Appellant*

———————————

2019-1889

———————————

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. 13/516,443.

———————————

Decided: November 8, 2019

———————————

CALEB SURESH MOTUPALLI, Vijayawada, India, pro se.

MAI-TRANG DUC DANG, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, for appellee Andrei Iancu. Also represented by THOMAS W. KRAUSE, ROBERT J. MCMANUS, MAUREEN DONOVAN QUELER.

———————————

Before PROST, *Chief Judge*, DYK and WALLACH, *Circuit Judges*.

PER CURIAM.

Appellant Caleb Suresh Motupalli appeals a decision of the U.S. Patent and Trademark Office's Patent Trial and Appeal Board ("PTAB") affirming an examiner's rejections

of claims 27–29, 31–35, 37–42, and 44–46 ("the Proposed Claims") of U.S. Patent Application No. 13/516,443 ("the '443 application") under 35 U.S.C. § 112, ¶¶ 1, 2 (2006)[1] and 35 U.S.C. § 101 (2012).   J.A. 1–66 (Decision); *see* J.A. 1594–624 (Final Office Action).  We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(4)(A) (2012).  We affirm.

BACKGROUND

I. The '443 Application

Entitled "Necktie-Imitating Persona Extender/Environment-Integrator and Method for Super-Augmenting a Persona to Manifest a Pan-Environment Super-Cyborg or Wedded Avatar of Christ with eThrone for Global Governance," J.A. 1007, the '443 application "relates to cognitive Information technology engineering of a morphological solution and a handle for the same to the macroscopic problem of n-entropy[,] i.e[.,] loss of control/information in the globalized world," J.A. 1008.  Specifically, the '443 application relates to "the use of Christocratic Necked Service Oriented Architecture so that even Global Cyborgic Conglomerate Christs/Superhumans can be manifested." J.A. 1008; *see* J.A. 71–115 (listing the Proposed Claims).

II. The PTAB Proceedings

The Examiner rejected each of the Proposed Claims on three independent grounds:  (1) § 112, ¶ 1, for lacking enablement, J.A. 1596–610; (2) § 112, ¶ 2, for being indefinite,

---

[1]    Congress amended § 112 when it enacted the Leahy-Smith America Invents Act ("AIA").   Pub. L. No. 112-29, § 4(c), 125 Stat. 284, 296–97 (2011).  AIA § 4(e) makes those changes applicable to "any patent application that is filed on or after" September 16, 2012.  *See id.* at 297. Because the '443 application was filed before September 16, 2012, *see, e.g.*, J.A. 1 (listing the filing date of the '443 application as June 15, 2012), pre-AIA § 112 applies.

J.A. 1610–11; and (3) § 101, for being directed to patent-ineligible subject matter, J.A. 1611–13. In February 2018, Mr. Motupalli appealed the Examiner's rejections to the PTAB, and both Mr. Motupalli and the Examiner briefed the issues on appeal. J.A. 2284–314 (Appeal Brief), 2315–53 (Examiner's Answer). In April 2019, the PTAB affirmed each of the Examiner's rejections. *See* J.A. 7–36 (affirming the Examiner's § 112, ¶ 1 rejections), 36–38 (affirming the Examiner's § 112, ¶ 2 rejections), 39–66 (affirming the Examiner's § 101 rejections).

DISCUSSION

I. Standard of Review and Legal Standard

"We review the PTAB's factual findings for substantial evidence and its legal conclusions de novo." *Redline Detection, LLC v. Star Envirotech, Inc.*, 811 F.3d 435, 449 (Fed. Cir. 2015) (citation omitted). "Substantial evidence is something less than the weight of the evidence but more than a mere scintilla of evidence," meaning that "[i]t is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *In re NuVasive, Inc.*, 842 F.3d 1376, 1379–80 (Fed. Cir. 2016) (internal quotation marks and citations omitted).

Section 112, ¶ 1 provides that "[t]he specification shall contain a written description of the invention . . . as to enable any person [having ordinary] skill[] in the art to which it pertains [('PHOSITA')] . . . to make and use the same." Section 112, ¶ 1's "enablement requirement is met where [a PHOSITA], having read the specification, could practice the invention without undue experimentation." *Storer v. Clark*, 860 F.3d 1340, 1345 (Fed. Cir. 2017) (internal quotation marks and citation omitted); *see In re Wright*, 999 F.2d 1557, 1561 (Fed. Cir. 1993) ("To be enabling, the specification of a patent must teach [a PHOSITA] how to make and use the full scope of the claimed invention without 'undue experimentation.'" (citations omitted)).

II. Mr. Motupalli Waived Arguments Challenging the Grounds for Rejection of Each of the Proposed Claims

The Examiner found that the Proposed Claims fail to comply with the enablement requirement of § 112, ¶ 1, because they are "replete with limitations that are abstract, subjective, and not described in the specification." J.A. 1596. The PTAB agreed that the disclosure of the '443 application "falls well short of describing the invention with the requisite clarity and specificity to enable ordinarily skilled artisans to make or use the claimed invention without undue experimentation," J.A. 17, and affirmed the Examiner's rejections of the Proposed Claims under § 112, ¶ 1, *see* J.A. 7–36. Mr. Motupalli contends that the "PTAB has clearly erred in their Decision" because "the specification is fully enabling for those of ordinary skill in the art to make and/or use the invention without undue experimentation." Appellant's Br. 17; *see id.* at 17–29. We disagree with Mr. Motupalli.

In the Final Office Action, the Examiner provided Mr. Motupalli with a non-exhaustive list of grounds for rejection of the Proposed Claims under § 112, ¶ 1, identifying each ground as independently sufficient to support rejection of each respective claim. *See* J.A. 1596–610. The PTAB affirmed each of the Examiner's grounds for rejection without exception. *See* J.A. 7–36. In his opening brief, Mr. Motupalli intentionally omitted arguments challenging numerous of the Examiner's grounds for rejection. *See generally* Appellant's Br. 17–29. *See* Appellant's Reply Br. 4 (admitting to having "limited [the opening brief] to only those limitations that require attention and further clarification"). For example, the Examiner identified seven independently-sufficient grounds for rejection of independent claims 27, 34, and 40 under § 112, ¶ 1, *see* J.A. 1597–98 (providing grounds for rejection of independent claim 27), 1601–02 (providing grounds for rejection of independent claim 34), 1605–07 (providing grounds for rejection of independent claim 40), but Mr. Motupalli raised

arguments challenging only three of those grounds, *see* Appellant's Br. 21–25 (raising arguments challenging only the grounds for rejection of the "black box modernization," "grunt factory," and "ecosystem for integration" limitations). While Mr. Motupalli raises arguments challenging some of the omitted grounds for rejection in his reply brief, *see* Appellant's Reply Br. 5–16, we have "consistently held that a party waives an argument not raised in its opening brief," *Advanced Magnetic Closures, Inc. v. Rome Fastener Corp.*, 607 F.3d 817, 833 (Fed. Cir. 2010).

Of the arguments Mr. Motupalli does raise, most are primarily—if not entirely—incorporated by reference from the appendix. *See* Appellant's Br. 27–29 (incorporating arguments by reference from the appendix). For example, regarding claims 29 and 42, Mr. Motupalli relies entirely on arguments incorporated by reference from the appendix. *See* Appellant's Br. 27 ("Appellant reasserts arguments at [J.A.] 2779[–]81."). "Under the Federal Rules of Appellate Procedure, arguments may not be properly raised by incorporating them by reference from the appendix rather than discussing them in the brief." *Graphic Controls Corp. v. Utah Med. Prods., Inc.*, 149 F.3d 1382, 1385 (Fed. Cir. 1998); *see Monsanto Co. v. Scruggs*, 459 F.3d 1328, 1335 (Fed. Cir. 2006) (holding that arguments "incorporate[d] by reference" in a party's brief are "a violation" of the Federal Rules of Appellate Procedure). "Therefore, those arguments are deemed waived." *Monsanto*, 459 F.3d at 1335.

While a pro se appellant's "fail[ure] to [address] each ground of rejection expressly" may be excused where the "reasons for appeal" are sufficiently clear, *In re Gaubert*, 524 F.2d 1222, 1224 (C.C.P.A. 1975), Mr. Motupalli has failed to "get the parties and the issues and a sufficient record into court in such fashion that the court can deal with the issues," *In re Castner*, 518 F.2d 1234, 1238 (C.C.P.A. 1975); *see Groves v. Shinseki*, 541 F. App'x 981, 985 (Fed. Cir. 2013) ("[W]hile pro se filings must be read

liberally, . . . [s]uch filings must still be clear enough to enable effective review."). Accordingly, because Mr. Motupalli has waived arguments challenging numerous—and, with respect to several of the Proposed Claims, all—grounds for rejection of each of the Proposed Claims, we must affirm the PTAB's Decision affirming the Examiner's rejections of the Proposed Claims under § 112, ¶ 1. *See In re Ball*, 81 F.2d 242, 244 (C.C.P.A. 1936) ("[I]nasmuch as the reasons of appeal do not include all of the grounds of rejection of the involved claims by the Examiner, . . . the decision of the Board of Appeals must be affirmed.").[2]

CONCLUSION

We have considered Mr. Motupalli's remaining arguments and find them unpersuasive. Accordingly, the Decision of the U.S. Patent and Trademark Office's Patent Trial and Appeal Board is

**AFFIRMED**

---

[2]    Because we affirm the PTAB's Decision with respect to each rejection of the Proposed Claims under § 112, ¶ 1, we need not address rejection of those claims under § 112, ¶ 2 or § 101. *See In re Marquez*, 738 F. App'x 1012, 1016 (Fed. Cir. 2018) ("Because we affirm the [PTAB's] rejection of every claim on appeal for lack of enablement, we need not address [appellants'] challenges to the [PTAB's] other grounds for rejection.").